UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JOSEPH L. SILVERBURG                                                    PLAINTIFF

v.                                          CIVIL ACTION NO. 3:15CV-184-JHM

LOUISVILLE METRO HOUS. AUTH. *et al.*                        DEFENDANTS

**MEMORANDUM OPINION**

       On March 4, 2015, Plaintiff Joseph L. Silverburg filed a *pro se* complaint alleging various violations in his termination from the "Section 8 Housing Voucher Program" (DN 1). He also filed an application to proceed without prepayment of fees (DN 3). Two days later, Plaintiff filed various exhibits in support of his complaint stating that he had "accidently and inadvertently" forgotten to file them with his complaint (DN 5).

       On March 16, 2015, counsel for Defendants filed a waiver of service with the Court (DN 6). A copy of the waiver of service was sent to Plaintiff at the address he provided to the Court. This document was returned to the Court marked "Moved Left No Address, Unable to Forward, Return To Sender" (DN 7). Thereafter, the Court entered an Order granting Plaintiff's application to proceed without prepayment of fees and mailed it to Plaintiff at the address he provided to the Court. This Order was also returned to the Court marked "Moved Left No address, Unable To Forward, Return To Sender" (DN 9).

       Upon filing the instant action, Plaintiff assumed the responsibility to keep this Court advised of his current address and to actively litigate his claims. *See* LR 5.2(d) ("All pro se litigants must provide written notice of a change of address to the Clerk and to the opposing party or the opposing party's counsel. Failure to notify the Clerk of an address change may result in the dismissal of the litigant's case or other appropriate sanctions."). Because Plaintiff

has not provided any notice of an address change to the Court, neither orders nor notices from this Court nor filings by Defendants can be served on him.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a Plaintiff fails to prosecute or to comply with an order of the court. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."). Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *Id.* at 110. "As this court has noted, the lenient treatment generally accorded to pro se litigants has limits. Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d at 110). "Further, the United States Supreme Court has recognized that courts have an inherent power to manage their own affairs and may dismiss a case sua sponte for lack of prosecution." *Lyons-Bey v. Pennell*, 93 F. App'x 732, 733 (6th Cir. 2004) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).

Because Plaintiff has failed to provide an updated address to the Court and documents and Orders sent to Plaintiff by this Court have been returned, the Court concludes that Plaintiff

2

has failed to comply with Local Rule 5.2(d) and has abandoned any interest in prosecuting this action. Therefore, the Court will dismiss the action by separate Order.

Date: May 14, 2015

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc: Plaintiff, *pro se*
Counsel for Defendants
4414.003